CARTER HOTEL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41186.   Promulgated March 21, 1932.

*C. R. McAtee*, *Esq.*, for the petitioner.
*O. W. Swecker*, *Esq.*, for the respondent.

OPINION.

SMITH: Petitioner argues that it sustained a loss in the year 1926 of $10,233.33 by reason of its inability to repurchase from its preferred stockholders for $30,700 preferred stock of a par value of $40,933.33 isssued in 1924. The respondent disallowed the deduction of the loss claimed in the determination of the deficiency, under article 543 of Regulations 69, which provides in part:

* * * The proceeds from the original sale by a corporation of its shares of capital stock, whether such proceeds are in excess of or less than the par value of the stock issued, constitute the capital of the company. If the stock

is sold at a premium, the premium is not income. Likewise, if the stock is sold at a discount, the amount of the discount is not a loss deductible from gross income. * * *

This Board has many times held that a corporation sustains no deductible loss when it sells it shares of capital stock at less than par value. In *Emerson Electric Manufacturing Co.*, 3 B. T. A. 932, we said:

We think it is perfectly clear that the amount received by a corporation in excess of the par value of its stock is not income to the corporation, but is in fact a paid-in surplus, and that the converse is equally true, that when stock is sold for less than its par value the corporation has not suffered a loss. * * *

Cf. *Simmons & Hammond Manufacturing Co.*, 1 B. T. A. 803; *Cooperative Furniture Co.*, 2 B. T. A. 165; *Liberty Agency Co.*, 5 B. T. A. 778; *Corning Glass Works v. Lucas*, 37 Fed. (2d) 798; certiorari denied, 281 U. S. 742; *Simmons Co. v. Commissioner of Internal Revenue*, 33 Fed. (2d) 75; *Houston Brothers Co.*, 21 B. T. A. 804; *S. A. Woods Machine Co.*, 21 B. T. A. 818.

The petitioner does not contend, however, that it sustained any loss in 1924 upon the sale of its preferred stock, but that it sustained a loss in 1926 by reason of its inability to redeem the stock at the issued price. We fail to see, however, how the petitioner sustained any loss in 1926. The corporation was not indebted to its stockholders for the shares of stock held by them. The stockholders simply invested a certain amount of money in the corporation. Upon the liquidation of a corporation for any reason whatever the stockholders are entitled to receive distributions of the assets after the debts are paid. The mere fact that the common stock holders might upon such liquidation receive less than they would have received if the preferred stock had not been issued is no ground for a claim that the corporation sustained a loss by failure to redeem the preferred stock at the issue price. The contention of the petitioner upon this point is not sustained.

*Judgment will be entered for the respondent.*